UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:25-CV-323 |
| 0.220 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND EVELYN GARZA, *et al.,* | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OBJECTIONS OR DEFENSES**

Pursuant to Rules 12(f) and 71.1(h) of the Federal Rules of Civil Procedures, and Local Rule 7.1, Plaintiff, the United States of America (hereafter "United States"), respectfully requests this Court strike Defendant, Alejo Clarke's (hereafter "Clarke") objections or defenses contained in his counsel, Margil Sanchez's Notice of Appearance. *See* Dkt. No. 17.

   **I.   FACTUAL AND PROCEDURAL BACKGROUND**

On June 25, 2025, the United States initiated this condemnation proceeding by filing a Complaint (Dkt. No. 1) and Declaration of Taking ("DT") (Dkt. No. 2) to acquire 0.220 acres ("subject property") in Starr County, Texas. *Id.* Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, the United States filed the DT which included the following information: (a) A description of the United States' legal authority to condemn the property, (Dkt. No. 2-1 at 2); (b) A description of the public purpose necessitating the condemnation, (*id.* at 4); (c) A complete legal description of the exact land condemned, (*id.* at 6-7); (d) A detailed survey showing the exact land

condemned, (*id.* at 9-12); (e) The estate taken in the identified land, (*id.* at 14); (f) Estimate of Just Compensation. (*id.* at 16); and (g) Identity of Interested parties. (*id.* at 18-20).

On July 23, 2025, the United States deposited its estimate of just compensation, totaling eight hundred fifty dollars and 00/100 cents ($850.00), into the Court's Registry (Dkt. No. 8), at which time, the title to the subject property transferred to the United States. *See* 40 U.S.C. § 3114(b).

The United States served Clarke with a copy of the suit on August 18, 2025 (Dkt. No. 14). Clarke filed his Objections or Defenses to the subject taking on September 2, 2025. (Dkt. No. 17). Specifically, Clarke asserts the following two objections or defenses to the subject taking: (a) "Plaintiff is not offering to pay the Defendant adequate compensation for the fair market value of the 0.220 of an acre," and (b) "the Plaintiff is not offering or willing to pay the Defendant adequate compensation for the remainder damages resulting from the taking of the 0.220 of an acre." *See* Dkt. No. 17 at 2.

In condemnation actions, the only permissible affirmative defense is to challenge the legal validity of the taking, which Clarke does not do. *See generally* Dkt. No. 17; *See, e.g., United States v. 6.584 Acres of Land, more or less, Hidalgo Cnty., Texas*, 533 F. Supp. 3d 482, 497-98 (S.D. Tex. 2021). Accordingly, this Court should strike both of Clarke's challenges to the subject taking.

## II.  STANDARD OF REVIEW

This Court has previously described the standard for a Rule 12(f) Motion to Strike when reviewing similar affirmative defenses raised by a landowner in a border wall condemnation:

> "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Although motions strike a defense are generally disfavored, a Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Additionally, in order to comply with Federal Rule of Civil Procedure Rule 8(c), a party "must plead an affirmative defense with

enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). When ruling upon a motion to strike, the trial court has "'ample' discretion." *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013) (quoting *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979)).

*United States v. 23.311 Acres of Land,* Civil Action No. 7:19-CV-407, 2020 WL 4724332, at *5 (S.D. Tex. Mar. 4, 2020). In federal eminent domain cases, federal courts routinely dismiss objections to takings when the objections fail as a matter of law. *United States v. 162.20 Acres of Land, et al.*, 639 F.2d 299, 303 (5th Cir. 1981); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630-32 (7th Cir. 1975); *729.773 Acres, et al.*, 531 F. Supp. 967, 971-74 (D. Hawaii); *United States v. 2.9 Acres of Land, et al.*, 554 F. Supp. 529, 532 (D. Mont. 1982). While for the purposes of a motion to strike, well pleaded facts must be accepted as true, the Court need not accept conclusions of law contained therein. *See Kaiser Aluminum*, 677 F.2d at 1057 (rejecting a party's legal conclusions regarding the application of the statute of limitations in anti-trust cases).

Courts in the Southern District of Texas have previously granted motions to strike similar affirmative defenses. *See 23.311 Acres,* 2020 WL 4724332; *United States v. 44.697 Acres of Land, More or Less*, Civil Action No. 7:20-CV-34, 2020 WL 12573281 (S.D. Tex. Apr. 13, 2020); *See 6.584 Acres of Land,* 533 F. Supp. 3d 482, 499.

### III.    ARGUMENT

Unique among federal civil actions, affirmative eminent domain proceedings are governed by Rule 71.1. All defenses or objections must be raised in the answer, and federal law strictly defines the legally cognizable defenses to a taking. Once the United States sets forth the nature and extent of the interests to be acquired through condemnation, "[a] court may then inquire only whether the use for which private property is authorized by the legislature to be taken, is in fact a public use." *United States v. 101.88 Acres of Land, et al.,* 616 F.2d 762, 767 (5th Cir. 1980) (citing

*Shoemaker v. United States*, 147 U.S. 282, 298 (1983)). All other challenges or counterclaims are improper. *162.20 Acres*, 639 F.2d at 303 ("The sole defense which may be raised against the condemnation itself is that of lack of authority to take in the petitioner."); *see also* Fed. R. Civ. P. 71.1(e) (defendant may serve either a notice of appearance or an answer but "[n]o other pleading or motion asserting any additional defense or objection is allowed").

Here, Clarke does not dispute that this taking is for a clear public purpose—securing the United States' border with Mexico. *See generally* Dkt. No. 17. Instead, Clarke alleges that the taking was not accomplished in accordance with the statutory authority because the United States failed to provide adequate just compensation. *See generally, id*. This is not a recognized defense to a condemnation action and should be dismissed. *See 162.20 Acres*, 639 F.2d at 303.

A. **An Objection to the Estimate of Just Compensation is not a Defense to Condemnation**

A challenge to the amount of just compensation is not a challenge to the congressional authorization or public use for which the subject property is being acquired. Therefore, it is not a defense to the condemnation action. *See 162.20 Acres*, 639 F.2d at 303; *101.88 Acres*, 616 F.2d at 767. *See United States v. Cobb*, 328 F.2d 115, 116-17 (9th Cir. 1964). *See 23.311 Acres*, 2020 WL 4724332, at *6 ("The Court has no authority to look behind the Government's representation of its estimate of just compensation. The plain language of the statute delegates the role of estimation to the Government"). *See also In re United States*, 257 F.2d 844, 858 (5th Cir. 1958) ("Congress plainly gave the acquiring authority, not the courts, the function of estimating just compensation …").

The deposited estimate of just compensation is just that – an estimate. *United States v. Miller,* 317 U.S. 369, 381 (1943) ("The payment is of estimated compensation; it is intended as a provision and not a final settlement with the owner; it is a payment on account of compensation

and not a final settlement of the amount due."); *In re United States,* 257 F.2d 844, 849 ("It should be noted that the deposit in no way affects substantial rights of landowners, and that the estimate in no way binds them as to just compensation, indeed has 'no bearing whatsoever on value.'") (internal citation omitted).

The very purpose of the instant proceeding is to determine what constitutes just compensation for the subject property. If Landowners disagree with the estimated just compensation, they will have an opportunity to present evidence in support of what they believe is just compensation for the subject taking, including damages for the remainder property. *See Shoemaker*, 147 U.S. at 298 (noting that the ultimate, and only, question in a condemnation proceeding once a court determines that the use for which the property is authorized is for a public purpose, is the amount of just compensation). Their objection to that amount is not, however, a defense to condemnation.

## CONCLUSION

Based on the foregoing, the United States requests that this Court strike Clarke's objections or defenses regarding just compensation (Dkt. 17) in its entirety.

Dated: September 23, 2025

Respectfully submitted,

**NICHOLAS J. GANJEI**
United States Attorney
Southern District of Texas

By:   *s/ Ancy Thomas*
**ANCY THOMAS**
Assistant United States Attorney
S.D. Tex. ID. No. 3869396
New York Bar No. 5449871
United States Attorney's Office
Southern District of Texas
1701 W. Bus. Highway 83, Suite 600

McAllen, Texas 78501  
Telephone: (956) 992-9380  
Facsimile: (956) 618-8016  
Email: Ancy.Thomas@usdoj.gov  
Attorney for Plaintiff,  
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF system, and between September 29 to October 3, 2025, a copy will be mailed to all Defendants with a known address pursuant to the Federal Rules of Civil Procedure.

By: *s/Ancy Thomas*  
**ANCY THOMAS**  
Assistant United States Attorney